IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CV-163-FL
NO. 7:05-CR-97-FL-14

| | |
|---|---|
| FELIPE MACEDO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on the motion to dismiss of respondent United States of America (hereinafter "respondent") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE # 659). The matter is ripe for adjudication. For the following reasons, respondent's motion to dismiss is granted.

STATEMENT OF THE CASE

On March 21, 2006, petitioner pled guilty to conspiracy to distribute and possess with the intent to distribute more than five-hundred (500) grams of cocaine. The plea agreement recommended a maximum term of imprisonment of forty (40) years and a minimum term of five years, based on violation of 21 U.S.C. section 846 with more than five-hundred (500) grams of cocaine. On February 15, 2007, petitioner's attorney filed sentencing memorandum with the court, requesting that petitioner be sentenced below the applicable advisory guideline range, under 18 U.S.C. section 3553(a). One week later, prior to sentencing, respondent filed motion for downward departure, pursuant to U.S.S.G. § 5K1.1, due to petitioner's substantial assistance to law enforcement

authorities. The court allowed a three-level reduction for acceptance of responsibility, and the government requested that the base offense level be reduced from thirty-eight (38) to thirty-six (36). Finally, the court granted the government's request to withdraw the two-level firearm enhancement, resulting in a total offense level thirty-three (33) and an imprisonment range of one hundred and sixty-eight (168) to two hundred and ten (210) months. The court departed from the sentencing guidelines by granting respondent's 5K1.1 motion. Therefore, petitioner was sentenced by this court on February 22, 2007, to ninety-eight (98) months of imprisonment.

## DISCUSSION

I.   Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952. If, after viewing the allegations in the complaint in the light most favorable to plaintiff, it appears beyond doubt that it fails to state plausible grounds for plaintiff's entitlement to the relief sought, a court shall dismiss a complaint for failure to state a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007). A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

II.  Analysis

2

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner first asserts that his counsel was ineffective under Strickland in the course of his plea and sentencing hearings. In support of this conclusion, petitioner offers two main arguments. First, petitioner asserts that his counsel did not seek a downward departure based on U.S.S.G. § 5K3.1, which provides for "Early Disposition Programs," which are sentencing programs employed by federal prosecutors in states inundated with certain types of cases.[1] Relatedly, petitioner argues that his counsel should have presented evidence and argument that his sentence was unreasonable because he was not sentenced under section 5K3.1, which petitioner asserts caused a disparity in sentence lengths for the same crime. Finally, petitioner asserts that his counsel was ineffective due to counsel's failure to seek a sentence outside of the Sentencing Guidelines based on 18 U.S.C. §

---

[1] Defendant refers the program as a "fast-tracking program." As the Fourth Circuit recently commented, "Fast-tracking refers to a procedure that originated in states along the United States-Mexico border, where district courts experienced high caseloads as a result of immigration violations. To preserve resources and increase prosecutions, prosecutors sought to obtain pre-indictment pleas by offering defendants lower sentences through charge-bargaining or through motions for downward departure." See United States v. Perez-Pena, 453 F.3d 236 (4th Cir. 2006).

3

3553(a)(2)(D). For the reasons set forth below, petitioner's arguments fail.

U.S.S.G. § 5K3.1 provides that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." By the plain language of the provision, the government is the party that properly moves for downward departure under this provision. "In enacting the PROTECT Act, Congress directed the Commission to authorize a downward departure of no more than four levels *if the Government moved for such a departure* pursuant to a fast-track program authorized by the Attorney General." Perez-Pena, 453 F.3d at 244. The commentary included in the Sentencing Guidelines confirms this interpretation, making clear that the section requires "motion of the Government." Therefore, given the procedural impossibility of petitioner's desired course of action, the fact that counsel did not file for a downward departure under section 5K3.1 does not warrant a finding of ineffective assistance of counsel.

Relatedly, petitioner claims that his counsel acted ineffectively when counsel failed to argue to the court that petitioner's sentence constituted an unwarranted disparity when compared with sentences given under the Early Disposition Program. However, counsel's abstention in raising petitioner's preferred argument is not objectively unreasonable under the first Strickland prong. In 2006, the Fourth Circuit held that "[s]entencing disparities between defendants receiving fast-track downward departures . . . and those not receiving such departures are 'warranted' as a matter of law . . . ." Perez-Pena, 453 F.3d at 244. See also United States v. Montes-Pineda, 445 F.3d 375, 379-80 (4th Cir. 2006) ("Congress seems to have endorsed at least some degree of disparity by expressly authorizing larger downward departures for defendants in 'fast track' districts."). As the Fourth

4

Circuit explained the program's rationale, "if defendants in non-fast-track districts were sentenced as if they had participated in fast-track programs, then the Government would be effectively deprived of its discretion to decide which districts would have fast-track programs and which defendants within those jurisdictions should be allowed to participate." Perez-Pena, 453 F.3d at 244. Therefore, the court will not second-guess the decision not to make an argument which the Fourth Circuit has quite clearly rejected. Even if the court were inclined to second-guess such a decision, petitioner's argument does not meet the second prong of the test, for the Fourth Circuit has foreclosed this legal option as a matter of law.

Finally, petitioner argues that counsel was ineffective due to counsel's failure to seek a sentence outside of the Sentencing Guidelines based on the theory that the Federal Bureau of Prisons ("FBP") does not offer a rehabilitative program that would assist petitioner in re-entering his country of nationality. This fact, petitioner argues, could have considered and potentially could have reduced his sentence under section 3553(a)(2)(D),[2] which states that the sentencing court "shall consider . . . the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Section § 3624(c)(1) states that the "[FBP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."

Petitioner, having entered into his plea agreement on March 21, 2006, and having been

---

[2] Petitioner's memorandum in support of his motion relies on "§ 3553(a)(2)(D)," a provision which does not exist. The cases petitioner cites suggest that petitioner intended to rely on § 3553(a)(2)(D), and the court construes his memorandum as such.

5

sentenced on February 22, 2007 to a term of ninety-eight (98) months of imprisonment, has not yet reached the "the final months of that term," and thus section 3624 is not yet applicable to his case. It is thus unclear how his counsel might have used the provision to his advantage. Moreover, the language of section 3624(c), contrary to petitioner's argument, is permissive, not mandatory. See Giannolla v. Bureau of Prisons, No. 5:02-CT-453-H, 2002 WL 32714319, at *1 (E.D.N.C. Aug. 16, 2002) (unpublished case) ("The language of this statute is not mandatory as Petitioner suggests. Rather, it gives BOP officials discretion to place inmates in community corrections "to the extent practicable."). Petitioner's counsel's failure to put forth an argument relying on section 3624 was not unreasonable and therefore the argument fails.

## CONCLUSION

For the reasons stated below, the United States' motion to dismiss (DE # 659) is GRANTED. Accordingly, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 644) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 30th day of May, 2008.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

6